UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dr. Bonagh Dalton,

                Plaintiff,

                                          Civ. No. 10-854 (RHK/LIB)
                                          **ORDER**

v.

Regents of the University of Minnesota,
*et al.*,

                Defendants.

      This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois, dated August 25, 2011 (Doc. No. 63), which recommended that the Court dismiss Plaintiff Bonagh Dalton's claims (i) as a discovery sanction, and in any event, (ii) because she has failed to create a genuine issue of material fact at summary judgment. Dalton has filed Objections (Doc. No. 64) to the Report and Recommendation, to which Defendants have responded (Doc. No. 65).

      Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2, the Court has conducted a *de novo* review of the Report and Recommendation, and it has also carefully considered Dalton's Objections and Defendants' Response. The Court fully agrees with the Magistrate Judge's conclusion that Dalton's failure to respond to Defendants' discovery requests is sanctionable. Yet, the Court need not reach that issue, because it also fully agrees with Judge Brisbois that Dalton (i) cannot avail herself of the "continuing violation" doctrine to save her untimely claims and (ii) has failed to show that the reasons

proffered by Defendants for the conduct in question were pretext for discrimination or retaliation. In other words, the Court need not (and does not) base its dismissal on Dalton's sanctionable conduct, but rather her failure to create a genuine issue of material fact sufficient to avoid summary judgment.

Notably, the Court's conclusion is not altered by Dalton's request for an extension of the discovery period. That request did not assert that she required additional time to *take* discovery to support her claims, but rather argued only that she needed additional time to *respond* to Defendants' discovery requests. (See Doc. No. 52.) Hence, she has nowhere asserted that she was prevented from gathering evidence necessary to oppose Defendants' summary-judgment Motion, and the dismissal of her claims is appropriate.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** as follows:

1. Dalton's Objections (Doc. No. 64) to the Report and Recommendation are **OVERRULED**;

2. The Report and Recommendation (Doc. No. 63) is **ADOPTED** in part. In particular, the Court adopts section II(C) of the Report and Recommendation in its entirety, which determined that Dalton's claims fail on the merits;

3. Dalton's Motion for Extension of Time to Complete Discovery (Doc. No. 50) is **DENIED**;

4. Defendants' Motion for Summary Judgment and Default Judgment (Doc. No. 30) is **GRANTED IN PART**; and

5. Dalton's Complaint (Doc. No. 1) and Amended Complaint (Doc. No. 18) are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: September 23, 2011

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge